## FEE v LINTHICUM et

Ohio Common Pleas, Wood Co.

Decided Jan. 25, 1938

Bowman & Hanna, Bowling Green, for plaintiff.

J. R. Linthicum, Toledo, and Geo. W. Millard, Toledo, for defendant.

## OPINION

By CONN, J.

This is an action for the partition of certain real estate located in this city, and for an accounting of rents and profits. The plaintiff claims that she is seized in fee simple of the undivided one half of the premises described in the petition, as sister and sole heir at law of Joseph Adams, deceased. The defendant, Harold J. Linthicum, in his answer, claims that he is seized in fee simple of the entire property in question, as the grandson and sole surviving issue and heir at law of Ada Adams, deceased. The claim of defendant, that he is seized in fee simple of said premises, is denied by plaintiff in her reply and plaintiff avers that defendant is seized therein of an undivided one-half only. The issues thus raised have been submitted on the stipulation of the parties, exhibits, arguments and briefs of counsel.

Among other things, it was stipulated between the parties that Ada Adams and Joseph Adams were husband and wife, and that Ada Adams died testate, February 7, 1932, seized in fee simple of the real estate described in the petition. That the will of Ada Adams was regularly admitted to probate and recorded in the Probate Court of Wood county, Ohio, and under its terms, Joseph Adams relict of Ada Adams, deceased, was devised and bequeathed the real estate in question for the term of his natural life and, after his death, to the grandson of the testatrix, Harold J. Linthicum, defendant herein. That said Joseph Adams elected not to take under the will. That said estate of Ada Adams was regularly administered, including filing of final account and the discharge of the executor, but no affidavit of transfer was made or filed in the course of administration of said estate.

It is further stipulated that Joseph Adams died intestate, February 7, 1934, leaving the plaintiff, Laura Fee, his only next of kin, and that following his death affidavits of transfer were regularly made and filed in both estates, the one in the estate of Ada Adams, reciting that Joseph Adams, inherited one-half of the premises in question, and the other, in the estate of

Joseph Adams, reciting that Harold Linthicum, defendant herein, inherited all of said premises, by virtue of §10503-5, GC.

It is further stipulated that total rentals of said real estate have been collected by the agent of the defendant, Harold J. Linthicum, in the amount of $360.00, and that no disbursements have been made therefrom by way of taxes or repairs on said property.

The defendant, Harold J. Linthicum, interposed a motion for a judgment on the pleadings and the ruling thereon was passed and taken under advisement until after the submission of the case on the merits.

Taking up first the motion for judgment on the pleadings. It is urged by defendant that on the face of the petition and reply, the defendant is entitled to a judgment. We have examined the pleadings and come to the conclusion that the motion is not well taken. It is true that the petition alleges it to be a fact that the defendant, Harold J. Linthicum, has been in exclusive possession and enjoyment of the premises since the death of Joseph Adams. However, plaintiff avers that she is seized in fee simple of the undivided half of the property described in the petition and that she is the sole heir at law of Joseph Adams, deceased. The petition, together with the reply, in substance sets forth that the plaintiff and the defendant, Harold J. Linthicum, are tenants in common, each an owner of an undivided one-half of the premises in question. Tenants in common enjoy, as a legal right, unity of possession; that is to say, the possession of one is the possession of all, and unlike a case of joint tenants, where the four unities obtain, to-wit: time, title, estate and possession. Therefore, the averment in the petition that the defendant has been in the exclusive possession of the premises must be construed in the sense of occupancy, that is, physical possession to the exclusion of plaintiff, rather than the right as a matter of law to the exclusive possession of the property. A motion to make the petition definite and certain might have been well taken, but none was made. Giving the averments in the petition and reply a liberal construction, and in the light of the averments in defendant's answer, as we are obliged to do, it appears quite clearly that motion

for judgment on the pleadings is not well taken and must be overruled.

Coming now to the merits of the case. It is the contention of plaintiff that where a husband or wife dies testate, and his or her surviving spouse elects not to take under the will, that §10504-55, GC, limits or rather measures the share of the estate passing to such surviving spouse, and further that the legal title does not pass by "descent" within the meaning of §10503-5, GC, and that the half and half statute does not apply.

On the other hand, the defendant contends that Joseph Adams acquired his title by descent and that his election not to take under the will passed no title to the real estate in question, either by devise or descent, but that §10504-55, GC, merely afforded him the opportunity to elect whether to take as devisee under the will, or under the law of descent, and that in either event the title actually passed as of the date of the death of Ada Adams.

On this premise, it is argued with a great deal of persuasion that when Joseph Adams elected not to take under the will, and on the contrary to take "under the statute of descent and distribution" as provided in §10504-55, GC, he took title to the undivided one-half interest by "descent" within the meaning of the half and half statute.

And it is further contended that under the circumstances, the interest or estate of Joseph Adams, in and to the real estate of his deceased spouse, Ada Adams, could not pass to him then in any other manner than by "descent", and having received his title by "descent" and having died intestate and without issue, leaving no surviving spouse, it follows that the issues raised on the pleadings must be determined by the application of §10503-5, GC.

The problem before us must be approached in the light of the provisions of the new Probate Code of this state. Some material changes were made in the Probate Laws and some entirely new sections were added. Such changes, for example, as the removal of the distinction between ancestral and non-ancestral property, and between real and personal property, for purposes of descent and distribution, are important and far-reaching.

Our consideration of the instant case brings us to the conclusion that the issue presented is no longer an open question. The Supreme Court of Ohio in the case of **Miller v Miller, Admr., 129 Oh St, 230,**

2 O O, 45, holds that the phrase, "under the statute of Descent and Distribution", found in §10504-55, GC, "does not mean that the surviving spouse is actually placed within the operation of the statute of Descent and Distribution", but that such phrase is used as merely distinctive or descriptive of the share to be taken, and that surviving spouse takes by virtue of his or her election and within the limits of the election statute, and that §10503-5, GC, relating to the 'descent' of an estate which came from a deceased spouse has no application."

Defendant contends that the Miller case is inapplicable for the reason that the court was dealing only with personal property. An examination of the opinion, however, discloses that the finding and judgment of the court was more inclusive. The court pointed out, on page 235 of its opinion, that under existing laws of Ohio no distinction is drawn between ancestral and non-ancestral property and that §10503-4, GC, is the principal controlling statute in distribution and descent of an intestate estate no matter how acquired. It is admitted that Joseph Adams died intestate and that the plaintiff, Laura Fee, was his sole heir at law.

If Ada Adams had died intestate, then Joseph Adams, the surviving spouse, would have succeeded to half of her estate under the statute of Descent and Distribution, the other half passing under the same statute to the defendant, Harold J. Linthicum. Under these circumstances Joseph Adams, dying intestate and without issue, his said undivided one half interest would pass under the provisions of the half and half statute, by reason of the fact that the property he received from the estate of the deceased spouse came to him by descent. Of course, in the case before us, the premises in question came to Joseph Adams from the estate of his deceased spouse by reason of the fact that Ada Adams died testate, followed by his election not to take under her will. The contention of defendant overlooks the above factual distinctions, and predicates his claim upon the ground that the undivided interest in the estate of Ada Adams came to Jospeh Adams, her relict, by descent. Even if this were an open question it is apparent that the legislature used the word "descent" in §10503-5,

GC, in a broad and inclusive sense. The statute provides for the "Descent of an estate which came from a deceased spouse", and expressly includes both real and personal property. The word ▮▮▮▮▮▮ 'descent' as used in the half and half statute signifies the succession of intestate property. Even before the advent of the new Probate Code and the removal of the distinction between real and personal property in intestate succession, the court said in the Seney case, 25 C C (NS) 185 that "the provisions of §8577, GC, (now §10503-5, GC), are not effective to divert the descent of such personal property from her heirs generally."

It has been urged by defendant also that Joseph Adams did not have the property transferred and thereby did not perfect his title of record and by his conduct waived his claim, or such claim as he might have had, to the premises in question. Defendant calls attention to the fact that following the death of Joseph Adams and prior to the commencement of this proceeding, affidavits of transfer were regularly made and placed of record whereby the legal title to the entire property is shown of record in the defendant, Harold J. Linthicum.

We have considered the contentions so made but have reached the conclusion that they are not well taken. The title to the premises under consideration passes by virtue of the several statutes to which attention has been called and the force and effect of these statutes can not be diverted, modified or abated by acts of a party in interest which is insufficient to pass title under the laws of this state.

We come to the conclusion that the provisions of the half and half statute are inapplicable to the facts and ▮▮▮▮▮▮ circumstances of this case and that under the law and the evidence, the plaintiff is the owner in fee simple of an undivided one-half (½) of the premises in question, and is entitled to receive one half of the net rental and income derived from the property, the amount of which has been agreed on.

In view of the foregoing we find for the plaintiff and enter a decree in partition as prayed for. An entry may be prepared accordingly, saving exceptions.